UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE FIRE CLOUD ABREU, | No. 2:24-cv-03358 SCR P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| THE GREAT STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the undersigned is plaintiff's complaint for screening (ECF No. 1), motion to proceed in forma pauperis (ECF No. 2), request for full pardon (ECF No. 6), and motion to consolidate cases (ECF No. 11.) For the reasons set forth below, the undersigned finds plaintiff's complaint fails to state a claim upon which relief can be granted and recommends it be dismissed without leave to amend. Because the complaint fails to state a claim, the court will exercise its discretion to deny plaintiff's application to proceed in forma pauperis. See Tripati v. First Nat. Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.") Plaintiff's remaining motions should be denied.

/////

**STATUTORY SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**FACTUAL ALLEGATIONS OF THE COMPLAINT**

Plaintiff's complaint seeks relief against the State of California under § 1983 for alleged wrongs against himself and other child victims. (ECF No. 1.) Plaintiff alleges human and sex trafficking by a lawyer who sent children to group homes, foster homes, boys ranches, and other facilities to receive physical, emotional, mental, and sexual abuse and neglect. (Id. 2-3.) Plaintiff was sent to Mulhouse Boys Ranch in Nevada City by attorney Robert Wayne Wiley in 1998.

There, he alleges he was groomed as a child bodyguard enforcer for a pimping and pandering ring so pedophiles known as financiers could come on BBQ Bash Day and molest young boys. (Id. at 3.) When plaintiff stood up, he was sent back to juvenile hall and Metro State Hospital of Norwalk, California, for four years to cover up what really happened. (Id.) When plaintiff was released, he was unable to take care of himself. His whole life has been ruined. (Id.)

Plaintiff does not identify any specific cause of action or legal theory, but requests a full pardon, a public apology, and $100 million dollars. (Id.)

**DISCUSSION**

**I.      Failure to State a Claim**

For the reasons set forth below, the undersigned finds that plaintiff's complaint fails to state any cognizable claims for relief.

First, plaintiff's complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (citation omitted). Plaintiff's complaint, while titled "Complaint By A Prisoner Under the Civil Rights Act, 42 U.S.C. § 1983," ECF No. 1 at 1, does not list any causes of action or identify which constitutional or federal statutory rights defendant State of California allegedly violated. Even under a liberal construction of the complaint, the undersigned is left to guess which claims plaintiff intended to allege.

Second, the State of California is not a "person" for purposes of § 1983 and is therefore entitled to absolute immunity from suit under the Eleventh Amendment. Cornel v. Hawaii, 37 F.4th 527, 531 (9th Cir. 2022); see also Krainski v. Nev. Ex rel. Bd. of Regents of Nev. Sys. Of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) (the Eleventh Amendment bars suits against the State for all types of relief). A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983.

Third, the undersigned has no authority to grant plaintiff's request for a "full pardon." See Iseli v. CA, No. 2:22-cv-2173 DJC AC P, 2025 WL 1557303, at *1 (E.D. Cal. June 2, 2025)

(denying plaintiff's motion for a pardon because "the relief sought is not within this Court's authority"). Pardon and clemency proceedings "are conducted by the executive branch, independent of direct appeal and collateral relief proceedings." Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 284 (1998). The undersigned recommends that plaintiff's separate yet duplicative "request for full pardon" (ECF No. 6) be denied for these same reasons.

## II.     No Leave to Amend

Having conducted the screening required by 28 U.S.C. § 1915A, the undersigned finds that plaintiff's complaint does not state any valid claims for relief against defendant State of California. 28 U.S.C. § 1915A(b)(1); see also § 1915(b)(2) (grounds for dismissal includes "seek[ing] monetary relief from a defendant who is immune from such relief."). Because of these defects, the court will not order the complaint to be served on defendant.

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). Here, because defendant State of California's immunity from suit cannot be cured by amendment, plaintiff's complaint should be dismissed without leave to amend. In light of the recommendation to dismiss without leave to amend, the undersigned also recommends that plaintiff's motion to consolidate cases (ECF No. 11) be denied as moot.

## III.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint is being dismissed because the facts alleged are not enough to state a claim. You are not being given a chance to fix these problems in an amended complaint because the State of California cannot be sued under 42 U.S.C. § 1983. Should you choose to file a new 42 U.S.C. § 1983 action to try to vindicate your rights and the rights of child victims, the undersigned encourages you to review the legal authorities above for guidance on identifying the proper defendants and alleging cognizable claims.

/////

/////

////

4

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be DENIED;

2. Plaintiff's complaint be dismissed without leave to amend for failure to state a claim, 28 U.S.C. § 1915A(b)(1)-(2);

3. Plaintiff's request for full pardon (ECF No. 6) be denied; and

4. Plaintiff's request to consolidate cases (ECF No. 11) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 3, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5