UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE FIRE CLOUD ABREU,<br><br>Plaintiff,<br><br>v.<br><br>THE GREAT STATE OF CALIFORNIA,<br><br>Defendant. | No. 2:24-cv-03358-DAD-SCR (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING PLAINTIFF'S OTHER MOTIONS<br><br>(Doc. Nos. 2, 6, 11, 12) |

Plaintiff Abreu is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 3, 2025, the assigned magistrate judge screened plaintiff's complaint and issued findings and recommendations recommending that plaintiff's complaint be dismissed without leave to amend due to its failure to state a cognizable claim and that his remaining motions and requests be denied. (Doc. No. 12.) Specifically, and in pertinent part, the magistrate judge concluded that the State of California, the only named defendant in this action, is entitled to absolute immunity from suit under the Eleventh Amendment and that plaintiff's request for a full pardon with respect to the crimes of which he was convicted in state court failed to state any cognizable claim for relief within this court's authority. (*Id.* at 3–4.) Finally, the magistrate

1

1 judge concluded that the granting of leave to amend would be futile in light of the nature of
2 plaintiff's allegations and the noted pleading deficiencies. (*Id.* at 4.)

3     The pending findings and recommendations were served on the parties and contained
4 notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.*
5 at 5.) On August 11, 2025, the court received objections to the pending findings and
6 recommendations from plaintiff. (Doc. No. 13.) Those objections are not dated by plaintiff but
7 appear to have been untimely filed given the date they were received by the court. Nonetheless,
8 the court has considered plaintiff's objections. Therein, plaintiff does not meaningfully address
9 the pending findings and recommendations. Rather, plaintiff for the most part merely repeats the
10 allegations of his complaint and threatens to release information he claims to have in his
11 possession regarding misconduct engaged in by "several high officials" if his demands are not
12 met. (*Id.* at 3.) Nothing presented by plaintiff in his objections calls into question the legal
13 analysis set forth in the pending findings and recommendations or provides any basis upon which
14 they should be rejected.

15     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
16 *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's
17 objections, the court concludes that the findings and recommendations are supported by the
18 record and by proper analysis.

19     Accordingly:
20     1.    The findings and recommendations issued on July 3, 2025 (Doc. No. 12) are
21         adopted in full;
22     2.    Plaintiff's request for leave to proceed in forma pauperis (Doc. No. 2) is DENIED;
23     3.    Plaintiff's complaint is DISMISSED without leave to amend for failure to state a
24         claim, 28 U.S.C. § 1915A(b)(1)-(2);
25     4.    Plaintiff's request for full pardon (Doc. No. 6) is DENIED;
26 /////
27 /////
28 /////

    5. Plaintiff's request to consolidate cases (Doc. No. 11) is DENIED; and

    6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 12, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3